**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| STEVEN HERMANN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 2:09-cv-407-WTL-TAB |
| ) | |
| ROBERTSON, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

**I.**

The plaintiff's request to proceed *in forma pauperis* (dkt 2) is **granted**. The assessment of an initial partial filing fee is not feasible at this time.

**II.**

The plaintiff's motion for appointment of counsel (dkt 4) has been considered. The court concludes, based on the plaintiff's statement that he has contacted six attorneys, that he has made a reasonable effort to secure representation. The court therefore proceeds to the second inquiry required in these circumstances. The court's task in this second inquiry is to analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007). The court finds, in this case and at present, that the claims asserted by the plaintiff are not of sufficient complexity or merit as to surpass the plaintiff's ability to properly develop and present them. First of all, the complaint shows that the plaintiff understands his claims from the standpoint of both their legal basis and factual underpinnings. Second, the plaintiff appears to be literate, to have access to writing materials, and to have an understanding of the court's processes. As the case develops, the court anticipates that the plaintiff will demonstrate his understanding of the need to adhere to timetables, to work with counsel for the defendant in developing the case for trial or other resolution, and so forth. The plaintiff's claims and the need to responsibly proceed with the development of the case do not appear, at present, to be of a complexity which exceeds the plaintiff's ability to present, even without the guiding hand of counsel. Accordingly, the plaintiff's motion for appointment of counsel (dkt 4) is **denied.**

### III.

The plaintiff's complaint gives every indication of violating the joinder of claims limitation of the *Federal Rules of Civil Procedure*. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Court of Appeals explained that such a nonconforming complaint must be "rejected." "Unrelated claims against different defendants belong in different suits." *Id.* at 607. Instead, Rule 18 allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law exist as to all defendants.

The violation here consists of the diversity of claims against different defendants– five factually and legally distinct claims asserted against five separate defendants. Accordingly, the complaint is "rejected." The plaintiff shall have **through February 5, 2010**, in which to **file an amended complaint** which does not violate Rule 18. In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . "; (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint shall contain a clear statement of the relief which is sought.

If complying with the foregoing directions requires that the plaintiff consider and file additional lawsuits in order to avoid the Rule 18 infraction described above, that is a path he may consider, although he must recognize that the filing fee of $350.00 must eventually be paid in each lawsuit which is filed.

**IT IS SO ORDERED.**

Date: 01/22/2010

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Steven Herrmann
106030
Putnamville Correctional Facility
1946 West US 40
Greencastle, IN 46135